UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ZBIGNIEW ZAGROBA, PIOTR WINIARSKI,
and RYSZARD ZYCH, individually and on
behalf of other persons similarly situated who
were employed by YORK RESTORATION
CORP. and GEORGE YORK,

                   Plaintiffs,                   **ORDER**
                                                    **10 CV 2663 (ARR)(LB)**

   - against -

YORK RESTORATION CORP. and GEORGE
YORK,
                   Defendants.

-----------------------------------------------------------X

YORK RESTORATION CORP. and GEORGE
YORK,

                   Third-Party Plaintiffs,

   - against -

BAMFORD CONSTRUCTION, INC.,

                   Third-Party Defendant.

-----------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      Plaintiffs Zbigniew Zagroba, Piotr Winiarski, and Ryszard Zych bring this action on behalf of themselves and all other persons similarly situated against defendants York Restoration Corp. and George York to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and the New York Labor Law. Plaintiffs now move pursuant to Rule 45(c) of the Federal Rules of Civil Procedure, or alternatively Rule 26(c), to quash or modify the subpoenas that defendants served on Chase Manhattan Bank ("Chase") and

1

Polish & Slavic Federal Credit Union ("FCU"). For the reasons set forth below, plaintiffs' motion is granted.

## BACKGROUND

Plaintiffs commenced this wage and hour collective action on June 10, 2010, alleging that defendants engaged in a policy and practice of failing to pay their employees all earned wages and overtime compensation. By Memorandum and Order dated April 25, 2011, the Court granted plaintiffs' motion for conditional certification as a collective action under the FLSA. (Docket entry 54.) On April 19, 2011, defendants served subpoenas on Chase and FCU seeking the bank records of the three named plaintiffs and four opt-in plaintiffs. One subpoena directed Chase to produce "all cancelled checks, cashed checks, wire transfer authorizations or any other related transfer documents from Graham Wine & Liquor d/b/a/ B.Q.E. Wine & Liquor presented to and/or deposited in Chase Manhattan Bank account number . . . to the following individuals: Zbigniew Zagroba, Piotr Winiarski, Ryszard Zych a/k/a Zych Mieczyslaw Ryszard a/k/a Ryszard Mieczyslaw Zych, Marcin Dragowski, Miroslaw Krejpcio, Orlow Janusz, and Jaroslaw Makowski." (Docket entry 55-2.) The other subpoena directed FCU to produce "[a]ll cancelled checks, cashed checks, wire transfer authorizations or any other related transfer documents presented to and/or deposited in" FCU accounts held by Zagroba, Winiarski, or Zych. (Docket entry 55-3.) On May 2, 2011, plaintiffs moved to quash or modify these subpoenas. (Docket entry 55.) Plaintiffs request that the Court quash the subpoenas in their entirety, or in the alternative, modify the subpoenas and direct Chase and FCU to produce only payroll checks for the time period during which plaintiffs allege they were employed by defendants, and/or to produce checks from specifically identified subcontractors, such as Bamford Construction and

Solty's Construction. Defendants oppose plaintiffs' motion and plaintiffs have replied.[1] (Docket entries 58 and 62.)

**DISCUSSION**

"Generally, absent a claim of privilege, a party does not have standing to object to a subpoena served on a non-party." In re Flag Telecom Holdings, Ltd., No. 02 Civ. 3400, 2006 U.S. Dist. LEXIS 69140, at *2 (S.D.N.Y. Sept. 13, 2006) (citing Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975)). "However, a party may have 'a sufficient privacy interest in the confidentiality of records pertaining to their personal financial affairs so as to give them standing to challenge the subpoenas.'" Id. (quoting Sierra Rutile Ltd. v. Katz, No. 90 Civ. 49131994, 1994 U.S. Dist. LEXIS 6188, at *2 (S.D.N.Y. May 11, 1994)). As plaintiffs have a privacy interest in their own bank records, plaintiffs have standing to challenge the subpoenas that defendants served on Chase and FCU.

"Subpoenas issued under Rule 45 of the Federal Rules of Civil Procedure are subject to Rule 26(b)(1)'s overriding relevance requirement." During v. City Univ. of N.Y., No. 05 Civ. 6992 (RCC), 2006 U.S. Dist. LEXIS 53684, at *6-7 (S.D.N.Y. Aug. 1, 2006) (citations omitted). Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Even if a subpoena seeks the production of relevant information, Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure requires the Court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter," or

---

[1] On May 25, 2011, the parties requested a one week stay of this action to discuss settlement and the Court granted the parties' request. (Docket entry 68.) The stay does not affect this Order.

"subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii) and (iv). The parties have not cited, and the Court is not aware of, any case in this Circuit addressing a motion to quash subpoenas of a plaintiff's bank records in a FLSA action.

Plaintiffs argue that the information sought by defendants' subpoenas is irrelevant to the instant action. Plaintiffs also argue that the subpoenas are overbroad insofar as they request plaintiffs' bank records beyond any paychecks from defendants' subcontractors during the period of plaintiffs' employment.[2] Defendants argue that plaintiffs' bank records are likely to produce relevant information regarding who employed plaintiffs, how many hours plaintiffs worked, and how much plaintiffs were paid. Specifically, defendants contend that plaintiffs' bank records could show that: 1) plaintiffs received paychecks from defendants' numerous subcontractors; 2) plaintiffs received income from sources other than defendants' subcontractors; 3) plaintiffs made purchases for travel or other similar activities; 4) plaintiffs formerly resided at locations far from their job sites; 5) plaintiffs made purchases during work hours away from their job sites; or 6) plaintiffs paid rent or mortgages to entities to whom plaintiffs identified their employer in rental or loan applications.

Moreover, defendants contend that "any legitimate privacy concerns Plaintiffs have over disclosure of bank deposit and withdrawal records can and should be addressed with a confidentiality order." Indeed, some district courts in this Circuit have found that privacy concerns relating to subpoenaed bank records can be adequately protected by a confidentiality order. See Iglesias-Mendoza v. La Belle Farm, Inc., No. 06 Civ. 1756 (KMK)(GAY), 2008 U.S. Dist. LEXIS 47431, at *3 (S.D.N.Y. June 12, 2008) (concluding that subpoenas for defendants'

---

[2] Defendants' opposition agrees to limit the subpoenas to the time period between 2004 and the present. (Docket entry 59, Rooney Decl., ¶4.)

4

bank records in FLSA action "should be enforced with an appropriate confidentiality order"); Conopco, Inc. v. Wein, No. 05 Civ. 9899 (RJH)(THK), 2007 U.S. Dist. LEXIS 53314, at *5 (S.D.N.Y. July 23, 2007) (finding that defendant's privacy interests in her subpoenaed bank records "can be protected by a variety of means, most notably the Confidentiality Order entered in this action"). However, those decisions found the subpoenaed financial information relevant to the claims and defenses in the action.

Here, defendants' proffered reasons for needing plaintiffs' bank records, with the exception of paychecks from defendants' subcontractors, are attenuated at best. With the exception of paychecks from subcontractors, plaintiffs' bank records will not lead to evidence that could bear on any issue in this case. To the extent defendants seek records regarding how much plaintiffs were paid while working on defendants' job sites, such information is properly the subject of a subpoena. However, defendants have already served a subpoena on TD Bank and received the paychecks issued to plaintiffs from Bamford Construction, one of the subcontractors who allegedly employed plaintiffs. (Docket entry 55-1, Lusher Decl., ¶15.) Moreover, to the extent plaintiffs were paid in cash, it is unclear how defendants' request for "cancelled checks, cashed checks, wire transfer authorizations or any other related transfer documents" would lead to relevant discovery herein. Nonetheless, the Court finds that defendants' subpoenas are proper with respect to any records reflecting plaintiffs were paid by defendants' subcontractors. As there is no indication in the instant record that plaintiffs worked for any other subcontractor besides Bamford Construction or Solty's Construction, the Court hereby modifies defendants' subpoenas and directs Chase and FCU to produce only cancelled or cashed checks issued to plaintiffs from Bamford Construction and Solty's Construction from 2004 through the present. As the Court finds that plaintiffs' other financial information sought

by defendants is not relevant to claims and defenses in this action, the Court grants plaintiffs' motion to modify the subpoenas served on Chase and FCU.[3]

## CONCLUSION

For the reasons set forth above, plaintiffs' motion to quash or modify the subpoenas that defendants served on Chase and FCU is granted.

SO ORDERED.

                                                                          _____/S/_____
                                                                            LOIS BLOOM
                                                                            United States Magistrate Judge

Dated: May 26, 2011
        Brooklyn, New York

---

[3] Plaintiffs alternatively move for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. As Rule 45(c) of the Federal Rules of Civil Procedure provides a sufficient basis to decide the instant motion, there is no need for a protective order pursuant to Rule 26(c).